**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SHIRLEY A. SMITH,

        Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,*

        Defendant-Appellee.

No. 97-7076
(D.C. No. 96-CV-216-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**\*\*

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

\*\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Shirley Smith appeals the Commissioner's denial of her application for social security disability benefits.  Because we find that the decision of the Administrative Law Judge (ALJ) is supported by substantial evidence, and that the law was correctly applied, we affirm.

Plaintiff filed an application for disability benefits on June 2, 1994, alleging that she had been unable to work since September 6, 1987, due to gastrointestinal problems, back and leg pain, and difficulties grasping and holding objects.  Plaintiff's last insured date was December 31, 1992.  Thus, the issue is whether substantial evidence supports the ALJ's conclusion that plaintiff was not disabled between September 6, 1987, and December 31, 1992, because she retained the capacity to perform a significant number of jobs in the national economy.

"This court reviews the [Commissioner's] decision to determine only whether his findings are supported by substantial evidence and whether the [Commissioner] applied correct legal standards . . . ."  <u>Hargis v. Sullivan</u>, 945 F.2d 1482, 1486 (10th Cir. 1991).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

<u>Id.</u> We will not reweigh the evidence or substitute our judgment for that of the Commissioner. <u>See</u> <u>id.</u>

Plaintiff argues that the ALJ failed to consider the combined effect of all her impairments, specifically the effect of her alleged chronic diarrhea and her alleged manipulative problems.

The ALJ concluded that plaintiff's bowel problems were not severe. <u>See</u> R. Vol. II at 11-12. While plaintiff does not take exception to this conclusion, she argues that, even though the impairment was non-severe, the ALJ should have taken it into account in determining her residual functional capacity (RFC). Plaintiff is correct that even non-severe impairments are to be considered in arriving at an RFC. <u>See</u> 20 C.F.R. § 404.1545(e). She is incorrect, however, in concluding that the ALJ failed to take her bowel problems into account in arriving at his RFC determination, or, implicitly, that his conclusion was not supported by substantial evidence.

Plaintiff testified that she has bowel control problems since having rectal surgery in 1991. R. Vol. II at 37. She testified that "[w]hen I have to go, I have to go," <u>id.</u> at 38, and that she has "had accidents," <u>id.</u> Plaintiff had a fissurectomy, anoplasty and partial sphincterotomy on March 5, 1991. By as early as April 24, 1991, plaintiff had made a strong recovery. The surgeon's notes for that date state: "This lady's rectum has healed well. She has absolutely no

complaints. She says she would have done this long ago if she had known it would be this good." Id. at 196. A little over a year later, plaintiff was seen by her gastroenterologist complaining of rectal bleeding. The diagnosis was a large hemorrhoid with an excoriated area. Plaintiff was ordered to take Sitz baths, to resume her high fiber diet, and to keep her stools soft. Interestingly, plaintiff denied having diarrhea. See id. at 127.

Plaintiff lodges various objections to the ALJ's treatment of her bowel issue, none of which have merit. She argues that there is no support for the conclusion that her rectal problems were not severe after 1991. The only evidence in the record, however, regarding her condition after the 1991 surgery is discussed above and shows that she had made a full recovery. There is no mention of diarrhea problems after her surgery and plaintiff points to none.

Plaintiff argues that the ALJ failed to offer a conclusion as to the functional effect of her diarrhea. This also is incorrect, as the ALJ specifically stated that the "complaint would not significantly interfere with work activities of a normal schedule" id. at 12, and that "[n]either [the] pre-surgery period nor [the] post surgery recovery period resulted in symptoms which precluded work," id. at 15.

Plaintiff's attorney again fails to read the ALJ's decision carefully when she argues that he failed to provide findings to support his credibility

determination regarding the diarrhea. The ALJ specifically stated that he found "troubling inconsistencies in claimant's testimony and statements when compared to the medical evidence of record." Id. at 15. He supported this statement with reference to the fact that plaintiff "worked for several years after the onset of the symptoms from her rectal fissure, and in any case, although uncomfortable, the symptoms were not such as to be disabling, involving as they did only some constipation, and pain and bleeding with bowel movements," id. The ALJ's ultimate conclusion that plaintiff retained the residual functional capacity to perform sedentary work despite her bowel problems is supported by substantial evidence.

Turning to the ALJ's treatment of her alleged manipulative problems, the record reveals that plaintiff had bilateral carpal tunnel surgery in the early 1980s. She testified that she had grip problems after the surgery, see id. at 40, but that she worked four or five years after the surgery and was able to use tools to assemble bicycles, grills, and lawn mowers in her job as a store manager, see id. at 45. The only other evidence in the record relating to plaintiff's hand problems is her complaint to the surgeon who did her rectal surgery that "[s]he still has muscle spasms, her fingers pull now at times." Id. at 196. The surgeon observed, "I don't see any incision scar large enough to have done a very wide excision of tissue, however, a patient sometimes has incorrect observation. Suggested if she

has continued problem with this, return to Dr. Nardone [the hand surgeon]." Id. There is no evidence in the record that plaintiff ever sought any kind of follow up treatment for her hands from anyone.

With this sparse evidence, the ALJ was correct to conclude that plaintiff's hand problems were not severe. Again, plaintiff does not argue with this conclusion, but insists that the ALJ erred in failing to take her manipulative problems into account when determining her RFC. As he did with the bowel complaint, however, the ALJ also carefully analyzed manipulative limitations when arriving at plaintiff's RFC. The ALJ begins his RFC assessment at page 5 of his decision. See id. at 14. At page 6, he carefully explains why plaintiff's complaint of significant hand limitation is unpersuasive, citing the surgeon's opinion discussed above, and the fact that she never complained to anyone else about hand problems. See id. at 15. This analysis also fulfills the ALJ's duty to explain why he did not credit plaintiff's testimony about her manipulative difficulties.

There was substantial evidence in the record, in the form of testimony from the vocational expert, that plaintiff had transferrable skills in two areas which would allow her to do sedentary cashier jobs or record keeping/inventory control jobs. See id. at 51. And finally, and contrary to plaintiff's position, the ALJ properly concluded that neither her bowel problems nor her manipulative

problems were vocationally significant.  See id. at 12, 15.  None of plaintiff's

impairments, severe or otherwise, were ignored in this careful, thoughtful and

well organized decision.

The judgment of the United States District Court is AFFIRMED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge